UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GINA M. WINFREY,                          )        CASE NO. ED CV 05-00564 (RZ)
                                          )
                    Plaintiff,            )
                                          )        MEMORANDUM OPINION
        vs.                               )        AND ORDER
                                          )
JO ANNE B. BARNHART, Commissioner )
of Social Security Administration,        )
                                          )
                    Defendant.            )
_____)

        The Court does not find convincing Plaintiff's argument that the Administrative Law Judge did not take into consideration the side effects of Plaintiff's medications. As Plaintiff acknowledges, the Administrative Law Judge in fact did so with respect to the one side effect which Plaintiff identified. [AR 15] Plaintiff does not identify other side effects which she herself experienced, but simply quotes from a medical textbook about side effects which *can* accompany the medications.  Medications do not affect all people in the same way and to the same extent, however, and it is common to identify side effects in literature which may not, in any particular situation, affect a particular patient. The Administrative Law Judge is not a doctor. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).  All he can do, and all he was required to do, is to consider the side effects which the Plaintiff in fact was experiencing.

For the same reason, the hypothetical situation posed to the vocational expert was not erroneous. The hypothetical did not need to address any other side effects of medications.

However, the Administrative Law Judge erred in not considering the information provided by Plaintiff's mother as to Plaintiff's condition. Plaintiff's mother submitted a questionnaire, on a Social Security form, indicating several aspects of Plaintiff's behavior which were problematic. Plaintiff constantly picked at her hair and used tweezers on her leg hair; previously was able to get up and get going, but now did not sleep and could not get up to perform normal activities; prepared some meals, but then did not eat them; hardly ever went outside; only watched TV, but even then was unable to concentrate on what she was watching; did not want to go anywhere, including not wanting to be around family; and got extremely upset and cried under stressful situations. [AR 77-85] Under *Dodril v. Shalala*, 12 F.3d 915 (9th Cir. 1993), the Administrative Law Judge should have considered information provided by Plaintiff's mother, who was in a position to observe her daughter.

In this Court, the Commissioner argues that the Administrative Law Judge *did* consider the mother's comments, because two state appointed psychiatrists considered similar symptoms as those reported by the mother, but nevertheless gave an assessment that Plaintiff could work. As a factual matter, this is not correct; one psychiatrist, reviewed the work of a consultant (apparently not a psychiatrist), and the other psychiatrist reviewed the work of the first psychiatrist [AR 199]; but the work being reviewed contained some, but not all, of the behaviors described by Plaintiff's mother. More to the point, the evidence of the mother was evidence which the Administrative Law Judge himself should have reviewed. Especially in a case like this, where the impairment consists of not only an obsessive-compulsive disorder, but also of bipolar disorder, the evidence from someone who has seen the Plaintiff over a period of time could be significant. It is not enough to speculate what the Administrative Law Judge might have done had he in fact considered this evidence; the Court can consider only that which the Administrative Law Judge in fact

addressed, *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991), and this was not one of the pieces of evidence he looked at.

The Commissioner also argues, in a footnote, that Plaintiff's reliance on *Smolen v. Chater*, 80 F.3d 1273 (1986), is misplaced because the SSR discussed in that case has been superseded. Whatever the weight given to SSR's — and it is clear that they are not binding statements of law, *Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352, 1356 (9th Cir.1988) — *Smolen* does not stand alone. *Dodril*, *supra*, pre-dates it, stands for the same proposition that lay evidence should be considered, and did not rely on the since-superseded SSR for its rationale.

Because the Administrative Law Judge erred in not considering the probative evidence from Plaintiff's mother, the case must be remanded. In light of this disposition, the Court need not determine whether the Administrative Law Judge's credibility finding was supported by substantial evidence. Upon remand, the Commissioner may wish to consider the points raised as to Plaintiff's credibility, should it be appropriate to do so.

IT IS SO ORDERED.


DATED:   July 17, 2006


                            */s/ Ralph Zarefsky*
                         RALPH ZAREFSKY
                         UNITED STATES MAGISTRATE JUDGE